## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

USDC – GREENBELT
'22 NOV 4 PM 2:46

|  |  |
|---|---|
| STARSHA M. SEWELL, AKA DARLENE F. | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| MERRICK B. GARLAND, et.a | ) |
| in his official capacity as | ) |
| ATTORNEY GENERAL OF THE | ) |
| UNITED STATES, | ) |
| U.S. Department of Justice | ) |
| 950 Pennsylvania Avenue, NW | ) |
| Washington, DC 20530; | ) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| 950 Pennsylvania Avenue, NW | ) Civil Action No. TDC 22CV2864 |
| Washington, DC 20530; | ) |
| | ) |
| CHRISTOPHER A. WRAY, | ) **JURY DEMAND** |
| in his official capacity as | ) |
| DIRECTOR OF THE FEDERAL BUREAU OF | ) |
| INVESTIGATION, | ) |
| Federal Bureau of Investigation, | ) |
| 935 Pennsylvania Avenue, NW | ) |
| Washington, DC 20535; and | ) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| 935 Pennsylvania Avenue, NW | ) |
| Washington, DC 20535, | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## COMPLAINT

Plaintiff Starsha M. Sewell, Pro Se, hereby brings this Complaint against Merrick B.

Garland, acting in an official capacity as Attorney General of the United States; the U.S.

Department of Justice ("DOJ"); the Federal Bureau of Investigation ("FBI"); and

Christopher A. Wray, acting in an official capacity as Director of the FBI. In support thereof,

upon personal knowledge as well as information and belief, Plaintiff alleges the following:

12.     Plaintiff is an African American, Woman, who applied, was interview, and extended an offer of employment as a joint employee contractor serving the capacity as a Senior Technical Writer, of the FBI Cyber Division.  It is my good faith believe that the United States government remains "a government of laws, and not of men," *Marbury v. Madison*, 5 U.S. 137, 163 (1803), and have brought this case to remedy Defendants' unlawful discrimination, on the basis of race, sex, age, discrimination and retaliation for my refusal to pledge allegiance to a single man.

13.     Plaintiff serves this Nation with fidelity, bravery, and integrity for more than 21 years, defending the United States against enemies both foreign and domestic, as she is a Subject Matter Expert in Higher Education Management, Organizational Leadership Development, and all of my degrees are from accredited academic institutions from the United States of America. Sewell served as a Quality Assurance Specialist and Academic Dean for Strayer University Online Campus in 2006; from here she transitioned her career into cyber security due to many injustices that she endured due to technological exploitation of people to include Special Agents at the FBI from 2010 to the Present.

Plaintiff's work at the FBI via disclosures and constituent services from Congress, from 2010 to the January 2021, as I continued the work of the Nation when former EAD Richard Mcfeely, after he retired; in 2018, my work yielded an Insider Threat Espionage Referral to support my untraditional methods of preserving civil rights secured by the Federal court in 2012. In 2021, I was hired by the same Cyber Unit as a Contractor to continue my efforts, officially because of my excellence. I went from being falsely accused of parental abduction to being a  contract employee of the FBI; because I dug myself out of the ditch with my Data Science and Information Assurance talents and skill sets, which also landed me the Technical Writing position at the agency in the Cyber Unit at FBI Headquarters.

Defendants' actions have harmed Plaintiff's reputation, professional standing, and Plaintiff asks this Court to find that her offer recension was unlawful and her purported termination, and replacement with a similarly situation woman, who is white, but doesn't meet the qualifications of the position, but has held the position without the required technical experience for one year; while the agency for the exact same year; made joint efforts with Homeland Security to use an illegal order from the PG County Circuit Court to disparage my career with the United States Department of Defense is either a legal nullity or, in the alternative, unlawful, and to award Ms. Sewell; for the unlawful actions of Federal Law enforcement against a Woman of Color in violation of May 25, 2022 Executive Order on Advancing Effective Accountable Policing and Criminal Justice Practices to Enhance Public Trust and Public Safety.

14.     Director Wray, acting in an official capacity as FBI Director is responsible and accountable for Defendants' actions. He purposefully and intentionally caused the unlawful actions of Defendants and other Executive Branch subordinates that led to Plaintiff's purported termination. It was Wray's unconstitutional plan and scheme to discredit and remove DOJ and FBI employees who were deemed to be his partisan opponents because they were not politically loyal to him. Plaintiff's termination was a critical element of Wray's plan and scheme. Sewell's Affidavit asserts this fact. Defendants—as well a s Attorney General ("AG") Garland knowingly acted in furtherance of Wray's plan and scheme, with knowledge that they were implementing Wray's unconstitutional motivations for removing. Plaintiff from the contract due to race, gender, age, and informal protected activity disclosures filed with the Agency from 2012 to present; in the care of Supervisor Gerard Davitch, Sewell's Government Manager at the FBI. **See Exhibit 2**

15.     Wray demands personal allegiance, displayed through J.C Hacker, who was promoted to Special Agent in Charge Atlanta, after obstruction constituent services request by Congressman Anthony Brown; as Agents were rewarded for their willful violation of their oaths to uphold the Constitution.     **See Exhibit 4 & 5.**

16.            But even before Wray knew of the Plaintiff's contributions to the Agencies Cyber

Security Mission, Wray had already ignored the Plaintiff's, request for law enforcement of

civil rights secured. See the Appellants Green Return Receipt. Marked herein as **Exhibit 3.**

I think that this request singled me out for the agencies alleged kidnapping that was brought

to my attention in the Security Clearance process, but non-existent as a matter of law

simply constitutionally improper motives for removing Plaintiff from the contract, due to

unlawful discrimination. The agency breached its own contract, simply to hire a white woman,

due to the sexual misconduct history that Merrick Garland and Christopher Wray was just

confronted by Senator Grassley about. See **Exhibit 6 & 7.**

17.            Sewell's comparator Jessica A. Willmore, whose LinkedIn profile, shows that she

depicts herself as an "Early Career Professional." However the Senior Technical Writing position

is not an entry level position, and it requires specific skills in Information Security, that the FBI's

replacement of Sewell, whom the agency alleges only had 6 months of experience in Cyber

Security, as compared to Jessica, who had no experience in cybersecurity or any of the contract

required degree's/education, which was a contract requirement marked herein Exhibit 7, that the

agency breached in violation of 42 USC 1981, when it required more technical experience than

the position requires and was willing to increase the salary to attract a different candidate, and

doing so serves as direct evidence that the Agency changed the terms of their offer, after Sewell

has passed the background check, her security clearance was reinstated, and the position had been

accepted. It is my good faith belief that they changed the terms of their offer, because of my race,

gender, age, and as an act of retaliation; as I remained unemployed for eight months, before

securing a job at the United States Department of Defense, Headquarters. I was hired by Salient

CRGT, which later became GOVCIO.

18.          The Agency did not authorize the pay increase, but the agency permitted the manager to hire a younger, woman. She is Caucasian and the FBI investigation showed that she did not have any technical experience in Cyber Security; and she also did not have academic degrees in the contract required subject matter. **Exhibit 6** provides direct evidence showing an additional discriminatory motive for the agencies hiring decision.

19.          In 2021, Wray determined to have Plaintiff fired as soon as possible in order to deprive Plaintiff of this opportunity. Wray's decision was motivated by his unconstitutional desire to punish Plaintiff for her refusal to pledge partisan allegiance to Wray and to tolerate the his conscious bias towards minority women who challenge the exact unconstitutional policing; that the Plaintiff dealt with for 12 years; as Wray's has a misperception of "African American leaders who challenge his briefings classifying Black People as Domestic Terrorists, when they challenge his preference of unconstitutional policing. However, eradicating unconstitutional policing was conveyed by Merrick Garland to Congress as a #3 priority. It is the Plaintiff's good faith belief that she suffered agency reprisal because she shares the last name of Congresswoman Terri Sewell of Huntsville, Alabama, although there is no known kinship relation; I do believe that I was punished for standing up against unconstitutional policing of the PG County Police, Baltimore, Field Office FBI, and the Joint Terrorism Task Force.

          The Agency used the FBI's Criminal, Cyber Response and Services Branch, for unlawful purposes, due to the Plaintiff's lawful exercise of his First Amendment-protected rights of expression and transformational use of Open-Source Data to resolve cyber threats created by law enforcement error, onset by them following orders written in the absence of jurisdiction with malicious intent. See Howard vs. Sewell PG County circuit court CAD06-26267.

20.     In January 2021, Defendant terminated Plaintiff from the role of Senior Technical Writer for the Cyber Security Division of the FBI without meaningful explanation; which led me to believe that he was unconstitutionally conducting a criminal investigation.

In truth, the termination was politically motivated and had no legal basis. When Monte Wilkinson, African American was the Acting Attorney General he joined the action as Starsha Sewell and Monte Wilkinson's case of Discrimination; but Merrick Garland clearly permitted the change of the case caption, due to racial bias, disparate treatment, sex discrimination.

21.     Defendants subjected Plaintiff to expedited recission, which they knew to be irregular, legally deficient, and non-compliant with statutory requirements and agency policies. Plaintiff's termination was the intended, predetermined, unjustified, and vindictive result of these pretextual proceedings.

### RACIAL DISCRIMINATION AND SEXUALLY MOTIVATED GENDER DISCRIMINATION IS THE BASIS FOR LACK OF DIVERSITY AND INCLUSION AT THE FBI MEMBERS; BECAUSE THEY ARE DRIVING OUT HIGHLY QUALIFIED MINORITIES WITH INTENTIONAL DISCRIMINATION

22.     This purported termination was a political maneuver with no legal basis. Through the continuing of the investigation, the Agents in this case continued the fact pattern of discrimination. Defendants invoked pretextual reasons for terminating Plaintiff. But for their acquiescence to Wray's improper and unlawful desires, they would never have asserted those pretextual reasons—nor would they have targeted Plaintiff for termination in the first place. They also would have instead applied the procedures and policies regularly applicable to FBI joint employees in Plaintiff's circumstances, and would have let Plaintiff return to the Senior Technical Writing position with the full benefits she earned when securing the Job with the Agency. The agency alleged that they wanted a highly qualified technical person. However, hired an unqualified candidate, because of her race, Caucasian, five months later, while Sewell, remained unemployed; and after the salary increase was denied by the agency; and was only used as a pretext to conceal unlawful discrimination and the change of the terms of my job after the fact

23.              **Exhibit 3** is used to show the contract requirements for the Cyber Security Technical Writer position. The FBI's investigation, marked herein as **Exhibit 8 a**, provides direct evidence that the agency rejected the FBI Manager's request for more money. Rather, than reinstating the offer of the African American Experienced Cyber Security Technical Writer; hired an unqualified woman, who is Caucasian that failed to meet the most significant contract requirement "Cyber Security Information Technology"; evidenced in **Exhibit 7**. Starsha Sewell, African American exceeded the contract requirements, held the required subject matter Degree for the position along with the experience in Cyber Security; was hired; and fired because of her race, gender, age; and because I am qualified.

24.    Jessica does not have 5-7 years of professional Information Technology writing experience or a degree in English, but Sewell has both. Jessica has a degree in Psychology that she has held for only three years; and does not meet or exceed the technical requirements for the agency contract. **Exhibits 9** provides a copy of Starsha Sewell's Technical Writing resume, which highlights both Technical IT writing experience, specifically for cybersecurity, and a Degree in English, which she acquired in 2002, thus providing nearly 20 years of writing experience, freelance. The FBI investigation shows that on Mr. Davitch's November 26, 2021 affidavit stated [sic] " I first learned Ms. Sewell's sex is female in approximately January 2021 when I interviewed her for the Technical Writer (TW) position. I first learned that her race is African American (race) and her age of 41 (DOB: September 27, 1980) when the investigator interviewed me in November 2021." I Starsha Sewell, hereby certify under the penalty of perjury that I was interviewed by Video with camera's on and that everyone was aware of my race, and gender, et. al., because the Agency has those capabilities as they are law enforcement.

25. "I first learned that she was involved in EEO activity when I received an email from the investigator requesting to be interviewed in November 2021." Sewell relies on The Arlington Heights mosaic of factors to address the agencies disparate treatment of minorities as a Congressional Concern.

## ARGUENDO

Direct evidence of discriminatory intent is evidence that, "if believed, proves the fact [of discriminatory intent] without inference or presumption." Coghlan v. Am. Seafoods Co., 413 F.3d 1090, 1095 (9th Cir. 2005) (citation omitted). Even without a direct admission or express policy, a plaintiff may prove intentional discrimination with other forms of direct evidence demonstrating that the "decisionmakers placed substantial

negative reliance on an illegitimate criterion in reaching their decision." Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring); [9] Venters v. City of Delphi, 123 F.3d 956, 972 (7th Cir. 1997) (direct evidence includes "evidence which in and of itself suggests" that someone with managerial authority was "animated by an illegal ... criterion."). Critically, Arlington Heights directs courts and agencies to engage in a cumulative assessment of the evidence. By way of illustration, in North Carolina State Conference of NAACP v. McCrory, No. 1:13CV658, 2016 WL 1650774, at *5 (M.D.N.C. Apr. 25, 2016), plaintiffs challenged provisions of a North Carolina election law, alleging that discriminatory intent to disenfranchise African-American voters motivated the legislature in violation of the Fourteenth and Fifteenth Amendments and the Voting Rights Act. The Fourth Circuit agreed. N.C. State Conf. of NAACP v. McCrory, 831 F.3d 204 (4th Cir. 2016). The district court's error in holding otherwise, the Fourth

Circuit explained, "resulted from the court's consideration of each piece of evidence in a vacuum, rather than engaging in the totality of the circumstances analysis required by Arlington Heights." Id. at 233. The district court "missed the forest in carefully surveying the many trees." Id. at 214. Instead, agencies evaluating possible intentional discrimination by recipients must conduct a cumulative assessment of all the available evidence.

COUNT 2

26.     Mr. Davitch also stated:

" With the increased labor rate, we were looking for someone with an advanced degree and technology background. Again, after interviewing Ms. Sewell and reviewing her resume I did not feel that she had the experience or education in a technology nature to fit the background for the upgraded labor rate. To elaborate, her education did not meet the standards that we were looking for in that she did not have a degree related to Information Technology or Cybersecurity. In addition, Ms. Sewell only had six months of cybersecurity experience, and we were looking for someone who had at least one or more years of cybersecurity experience for the Technical Writer (TW) position." Mr. Davitch also did not have agency approval to increase the rate of compensation or authorization to change the terms of the position that Sewell secured. The FBI investigation shows that he changed the terms of my position only to hire a candidate who is not African American, with or without the contract required qualifications; as long as the new hire was not African American.

27.     Plaintiff seeks to vindicate her rights and address the chilling effect of Defendants' message to career contractors and civil servants that they, like Plaintiff, are at risk for politically motivated termination. Plaintiff hereby asks the Court to review Defendants' decisions to  terminate Plaintiff on the grounds that they violated the First Amendment, because those decisions were unlawfully based on Plaintiff's perceived partisan affiliation and taken in retaliation for his constitutionally protected conduct. Plaintiff also asks the Court to review Defendants' termination decision on the grounds that it violated the Fifth Amendment's Due Process Clause, because it was undertaken without lawful authority and in violation of explicit procedural protections. The agency used the employment process for unlawful law enforcement purposes only to harass, seize, or arrest the Plaintiff, without the intent of getting a valid conviction; but to just ruin my career and family, a fact pattern that the agency has continued since 2012.

⁴ The Supreme Court has recognized an exception to this general rule—where "the threats to enforce the statutes against appellants are not made with any expectation of securing valid convictions, but rather are part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass appellants." *Younger v. Harris*, 401 U.S. 37, 48 (1971) (citing *Dombrowski v. Pfister*, 380 U.S. 479, 482 (1965)). Plaintiff has not made such an allegation here, nor do we see any evidence in the record to support one. And though *Younger* involved a state prosecution, many courts have applied the basic principles in *Younger* to federal prosecutions. *See, e.g., Deaver*, 822 F.2d at 69–70 ("[I]n no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment. . . . Because these defendants are already guaranteed access to a federal court, it is not surprising that subjects of federal investigation have never gained injunctive relief against federal prosecutors.").

28.     Plaintiff seeks equitable relief in vindication of her constitutional rights; declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202; and *mandamus* relief under 28 U.S.C. § 1361.

29.     Plaintiff requests that the Court exercise its jurisdiction and authority to issue a declaratory judgment that Defendants' termination announcement was a legal nullity, that Plaintiff is compensated and reinstated in good standing, and that Plaintiff is immediately entitled to her full compensation and contract enforcement for the breach of the position requirements and all other benefits, privileges, and rights currently being withheld. In the alternative, Plaintiff requests that the Court exercise its jurisdiction and authority to issue a declaratory judgment that Defendants' termination and use of the Cyber Division support of the PG County Police department, Black and Missing, and the Missing and Exploited Children use of technology to engage in cyber-crimes by spreading false information, which ruined the Plaintiff's character based opportunities in non-intelligence environments.

Thankfully, 2.0. vetting at DCSA safeguards the Plaintiff from false information presented to the Department of Defense.

The joint termination of Plaintiff's employment were unlawful, and the Plaintiff moves this court to order equitable relief that reverses Defendants' unlawful personnel actions; compensate (front pay, back pay) the Plaintiff's for employment as Senior Technical Writer of the FBI Cyber Security Division so she be made whole in good standing and in a manner that enjoys all of the benefits that comes along with supporting this agency as an African American Woman in this capacity; and to enjoin Defendants from interfering with Plaintiff's receipt of those benefits and from taking any further retaliatory actions. Plaintiff also requests that the Court provide all other relief, including writs of *mandamus*, that the Court deems appropriate.

## JURISDICTION AND VENUE

30.          This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's causes of action arise under the Constitution and laws of the United States, and under 28 U.S.C. § 1361 because Plaintiff seeks writs of *mandamus* to compel officers and employees of the United States and its agencies to perform duties owed to Plaintiff and required under law.

31.      Sovereign immunity for non-monetary relief is waived by 5 U.S.C. § 702, and by the fact that Defendants acted unconstitutionally and beyond statutory authority.

32.      Venue is appropriate in this judicial district under 28 U.S.C. § 1391(c).

## EXHAUSTION OF EEOC ADMINISTRATIVE REMEMEY

The Plaintiff filed EEOC Charges on or About January 21, 2021, and May 18, 2022, and rights to sue were issued on October 25, 2022, and November 3, 2022; Sewell files this action to redress all claims and retaliation

## PARTIES

33.      Plaintiff Starsha M. Sewell is a citizen of the United States and resides in the State of Maryland. She was employed by the FBI on January 5, 2022, interviewed, clearance was reinstated, hired, but was not on boarded and the offer was rescinded due to race, sex, age, and disparate treatment as compared to Jessica Willmore, the person onboarded without technical experience.

34.      Defendant Merrick Garland, serving as Attorney General of the United States and the head of DOJ, has his office in within the city limits of the State of Maryland. He is sued only

35.     Defendant U.S. Department of Justice is an Executive department, 5 U.S.C. §

101, and an "agency" within the meaning of 5 U.S.C. § 701.  DOJ's principal offices are in the

within the city limits of the State of Maryland.Defendant Christopher A. Wray, serving as FBI

Director, has his office in the city limits of the State of Maryland.  He is sued only in an official

capacity.

36.     Defendant FBI is a subordinate component of the DOJ pursuant to 28 C.F.R. § 0.1.

The FBI's principal offices are in the city limits of the State of Maryland.

## ALL FACTS ARE COMMON TO ALL CLAIMS AND COUNTS

**COMES NOW** the Plaintiff, Starsha M. Sewell, *pro se  with the said counts and claims for damages against*

*the Federal Bureau of Investigation in its official capacity as the Plaintiff's Joint Employer with Salient*

*CRGT, who was acquired by GOV CIO as both all three companies are the Plaintiff's* former employers who

jointly violation of her constitutionally protected rights; the defendant rescinded the Plaintiff offer for

engaging in protected activity with the Agency, EEOC at the Agency and EEOC Office of Federal

Operations);  on the basis that the agency changed the terms of the Plaintiffs of employment retrospect of offer

acceptance, and ultimately terminated the Plaintiff, All discriminatory acts were done on the basis of the

Plaintiff's race, color, and gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") 42

U.S.C. § 2000e, *et seq.*, and as an act of retaliation for engaging in protected activity with the Defendant at the

EEOC Office of Federal Operations, where an order was produced ordering the FBI to determine if the

Plaintiff's position was covered by the Joint Employer provision and the agencies investigation determined

that it was.. In support thereof would show unto the court the following matters of facts:

37.   This is an action for damages based on unlawful employment practices committed by Defendant , and
      jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964,
      §706 (f), (42 U.S.C.§ 2000e-5(f)).

38.   Plaintiff brings this action pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §§§703(a)
      and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g)),
      for damages to compensate her for the economic loss and other damages caused by Defendant's unlawful
      employment practices committed against Plaintiff because of the Plaintiff race, color, and gender; and
      pursuant to (42 U.S.C. §1981).

39.   On January 21, 2021, the Plaintiff filed a Charge of Discrimination with the Equal Opportunity Commission (EEOC) FBI case number FBI-2021-00048; thereafter, the Plaintiff filed a complaint alleging racial and gender discrimination and retaliation of a Special Agent case captioned FBI-2022-00238.; charging the Defendant with specific acts of discrimination, thus complying with §706 (b), of the Civil Rights Act of 1964 (42 U.S.C. §2000e-5(b). Two rights to file a civil action are marked Plaintiff, an African American female and United States Citizen dually filed a charge of discrimination against the defendant with the Equal Employment Opportunity Commission ("EEOC") complaining about The Buffalo Group LLC's employment discrimination against the plaintiff on the basis of race, color, and gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C.§ 2000e, *et seq.*, retaliation, failure to hire and breach of contract. A notice of Right to Sue was received by the plaintiff, and this complaint was filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, plaintiff has complied fully with all prerequisites in this court under Title VII of the Civil Rights Act of 1964 §706 (b), (42 U.S.C. §2000e-5(b)). herein as **Exhibits A and B**

### Damages Sought to Redress Claims and Counts

40.   Compensatory damages are sought pursuant to 42 U.S.C. § 2000e and 42 U.S.C §1981. Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g)

41.   Punitive damages are sought pursuant to 42 U.S.C. §2000e. Title VII of the Civil Rights Act of 1964, §§§703(a) and 704(a) and 706(g) (42 U.S.C. § 2000e-2(a) and (b)),( 42 U.S.C. § 2000e-3(a)),(42 U.S.C. § 2000e-5(g))

42.   **DAMAGES SOUGHT**

Year 1, Level 3- $105,000
Year 2, Level 4- $135, 000
Year 3, Level 5- $ 140,000
Year 4, Level 6- $160,000
Year 5, Level 6- $160,000

$700,000

## COUNT TWO
**BREACH OF GOVERNMENT CONTRACT REQUIRMENTS & DISPARATE TREATMENT Under TITLE VII and 42 USC 1981. The Agency breached its own contract requirements and proposed a Salary Increase Only to Bait and Switch the Job Offer to A Less Qualified Individual; The Plaintiff Believes That the Agency and Contractor Used Her Resume For EEOC Reporting Purposes Only:**

## COUNT THREE

**Plaintiff's Demotion and Termination Were Based on His Perceived Partisan Affiliation, As the Plaintiff was Cleared Under the Trump Administration, Because they complied with Federal Orders and the US Constitution; Just As Biden, When I Worked at the Joint Chiefs of Staff, Under His Leadership With the Same TS Clearance The FBI Violated My First, Eighth, Fifth, and 14th Amendment Rights When The Used An Employment Opportunity to Conduct a Covert Criminal Investigation; but the FBI Did not for 12 years; and could not Understand How I Made It in to IC With their Black Balling, Slander and Libel that I Endured from 2010 to the Present**

29.The Paragraphs above are incorporated and reasserted as if fully set forth herein.

Defendants' actions, as set forth above, constitute improper acts of political patronage, in violation of the First Amendment to the United States Constitution. Plaintiff's accelerated termination were unlawful because of Director Wray's Bias. "[T]he First Amendment forbids government officials to discharge or threaten to discharge public employees solely for not being supporters of the political party in power." *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 64 (1990) (citing *Elrod v. Burns*, 427 U.S. 347 (1976), and *Branti v. Finkel*, 445 U.S. 507 (1980)); *accord O'Hare Truck Serv., Inc. v. City of Northlake*, 518 U.S. 712, 714 (1996) ("Government officials may not discharge public employees for refusing to support a political party or its candidates."). The only exception is if "party affiliation is an appropriate requirement for the effective performance of the public office involved." *Branti*, 445 U.S. at 518.

## COUNT FOUR

### *Mandamus*

30. The Paragraphs above are incorporated and reasserted as if fully set forth herein.

The provisions of 28 U.S.C. § 1361 provide a statutory basis for jurisdiction in cases seeking relief in the nature of *mandamus* against federal officers, employees, and agencies, and they provide for an independent cause of action in the absence of any other available remedies.

Defendants' actions, as set forth above, constitute an unlawful refusal to recognize that Plaintiff as hired or, in the alternative, Defendants' actions constituted unlawful personnel actions.

31.         Plaintiff has a clear right to be recognized as the FBI as the Cyber Security Technical Writer in good standing, with compensation and tenure for the life of the contract.

32.         Defendants have a clear non-discretionary duty to deem Plaintiff as having served the agency as Senior Technical Writer rather than having been terminated or, alternatively, to rescind Plaintiff's unlawful change of terms of the offer and termination.

33.     If no other remedy is available through which Plaintiff can be properly recognized

as hired and through which the unlawful change of terms of offer and termination orders may be

rescinded, then Plaintiff is entitled to relief in the nature of *mandamus* compelling Defendants to

recognize Plaintiff as Senior Technical Writer of the FBI Cyber Security Division in good

standing with the FBI and, to rescind the unlawful termination orders, and offer of my position to

the unqualified candidate.

### REQUEST FOR RELIEF

34.         WHEREFORE, Plaintiff requests that this Court: declare that Plaintiff's

termination was a legal nullity because he had already been hired to fill the vacancy and

therefore by the time the termination order was issued, and that Defendants violated Plaintiff's

constitutional rights by terminating her and filling her position with a less unqualified candidate

due to racial bias.

35.         Credit the Plaintiff tenue for employment as Senior Technical Writer, retroactive

to the date of her termination and award compensation through Plaintiff's originally planned

tenure for the duration of the contract award in good standing, with rehire eligibility, and a clean

slate employment record in the event that the Plaintiff would like to support a future FBI

Director and Attorney General of the United States of America.

36.         Expunge Plaintiff's personnel file of all records related to Defendants'

unconstitutional demotion and termination decisions; order Defendants to process and pay

Plaintiff's full value of the contract position, at the employment rate that she would have had if

discrimination would not have occurred.

37.         Enjoin Defendants from further retaliation and other violations of Plaintiff's

rights; issue writs of mandamus as appropriate;

38.          Award Plaintiff her additional awards and other relief as the Court deems just,

specifically the vacating of unlawful Child Support from PG County Circuit Court and release of

my Passport that is being held up do the FBI Retaliation and spread of false information in their

capacity as law enforcement.

Respectfully Submitted,

November 4, 2022                                        /s/ Starsha M. Sewell
                                                        P.O. Box 7073
                                                        Capitol Heights, MD 20791

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

| | |
|---|---|
| _____ | ) |
| STARSHA M. SEWELL, AKA DARLENE F. | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| MERRICK B. GARLAND, | ) |
| in his official capacity as | ) |
| ATTORNEY GENERAL OF THE | ) |
| UNITED STATES, | ) |
| U.S. Department of Justice | ) |
| 950 Pennsylvania Avenue, NW | ) |
| Washington, DC 20530; | ) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| 950 Pennsylvania Avenue, NW | ) |
| Washington, DC 20530; | ) |
| | ) |
| CHRISTOPHER A. WRAY, | ) |
| in his official capacity as | ) |
| DIRECTOR OF THE FEDERAL BUREAU OF | ) |
| INVESTIGATION, | ) |
| Federal Bureau of Investigation, | ) |
| 935 Pennsylvania Avenue, NW | ) |
| Washington, DC 20535; and | ) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| 935 Pennsylvania Avenue, NW | ) |
| Washington, DC 20535, | ) |
| | ) |
| *Defendants.* | ) |

## CERTIFICATE OF FILING OF COMPLAINT FOR SERVICE
## ON THE DEFENDANT

Comes Now, Starsha Sewell, Plaintiff and files this original action in this honorable court. I certify the filing

of the original for the court, and two service copies: 1). The first service Copy includes the Summons, Form

USM-285 Process Receipt and Return, a true and complete copy of the Complaint of Employment

Discrimination in this captioned case, and is addressed for Merrick B. Garland, Attorney General.

2). The second service Copy includes the Summons, Form USM-285 Process Receipt and Return, a true and complete copy of the Complaint of Employment Discrimination in this captioned case, and is addressed for Christopher A. Wray, Director of the FBI.

Respectfully Submitted,

November 4, 2022

/s/Starsha M. Sewell
P.O. Box 7073
Capitol Heights, MD 20791

Certificate of Service

I hereby certify that a copy of the foregoing was included with the service copy, for service of this action by the court on November 4, 2022:

> MERRICK B. GARLAND,
> in his official capacity as
> ATTORNEY GENERAL OF THE
> UNITED STATES,
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530;
> and
> CHRISTOPHER A. WRAY,
> in his official capacity as
> DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION,
> Federal Bureau of Investigation,
> 935 Pennsylvania Avenue, NW
> Washington, DC 20535

Respectfully Submitted,

/s/Starsha M. Sewell
P.O. Box 7073
Capitol Heights, MD 20791

2