IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STARSHA SEWELL,

  Plaintiff,

v.                                           Civil No. 22-2864-BAH

MERRICK GARLAND, ET AL.,

  Defendant.

## MEMORANDUM OPINION

Pro se Plaintiff Starsha Sewell ("Plaintiff") brought suit against Attorney General Merrick Garland, the United States Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), and Director of the FBI Christopher Wray (collectively "Defendants") alleging employment discrimination and constitutional violations. ECF 1. Pending before the Court is Defendants' motion to dismiss or, in the alternative, for summary judgment. ECF 12. Plaintiff filed an opposition, ECF 17, and Defendants filed a reply, ECF 19. All filings include memoranda of law and exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendants' motion to dismiss, ECF 12, is GRANTED in part and DENIED in part, and Defendants' motion for summary judgment is GRANTED.

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

I. **BACKGROUND**[2]

Plaintiff, who is a Black woman, applied for a joint contract role with the FBI and a government contractor as a senior technical writer. ECF 1, at 2 ¶ 12. Plaintiff alleges that she received a job offer.[3] *Id.* The job offer was subsequently rescinded after Plaintiff "passed the background check, her security clearance was reinstated, and the position had been accepted." *Id.* at 4 ¶ 17. The agency then allegedly hired a white woman to fill the role instead. *Id.* at 3 ¶ 13. According to Plaintiff, the white woman "doesn't meet the qualifications of the position," whereas Plaintiff does. *Id.* The white candidate has now "held the position without the required technical experience for one year." *Id.* Plaintiff filed an EEOC complaint, an internal complaint with the FBI, and this lawsuit. *Id.* at 13 ¶ 39.

Plaintiff brings several claims against Defendants, which the Court liberally construes since she is proceeding pro se.[4] Though Plaintiff labels only two claims, the Court discerns nine

---

[2] In evaluating a motion to dismiss, the Court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). "Indeed, a court cannot 'favor[ ] its perception of the relevant events over the narrative offered by the complaint,' thereby 'recasting 'plausibility' into 'probability.''" *Id.* (quoting *SD3, LLC*, 801 F.3d at 430). Accordingly, for purposes of evaluating the motion to dismiss, the Court accepts as true the facts alleged in the complaint and summarizes them in this section.

[3] It is unclear when, exactly, this happened, but the complaint seems to suggest Plaintiff received the job offer in late 2020 or early 2021, as Plaintiff filed her EEOC complaint in January 2021. *See* ECF 1, at 13 ¶ 39.

[4] The Court notes that Plaintiff is not an ordinary pro se litigant as she has litigated numerous cases in this district and the Court of Appeals for the Fourth Circuit. *See, e.g., Sewell v. Westat, Inc.*, Civ. No. TJS-20-1895, 2021 WL 5233753, at *1 (D. Md. Nov. 10, 2021), aff'd, No. 21-2319, 2022 WL 985942 (4th Cir. Mar. 29, 2022); *Sewell v. Howard*, Civ. No. GJH-18-95, 2018 WL 11462982, at *1 (D. Md. Feb. 7, 2018), aff'd, 745 F. App'x 478 (4th Cir. 2018); *Sewell v. Pritchard*, Civ. No. PJM-17-1439, 2017 WL 6555660, at *1 (D. Md. Dec. 22, 2017), aff'd, 715 F. App'x 308 (4th Cir. 2018); *Sewell v. Commodity Futures Trading Comm'n*, Civ. No. PX-16-2457, 2017 WL 6422376, at *1 (D. Md. Sept. 12, 2017), aff'd, 709 F. App'x 231 (4th Cir. 2018); *Sewell v. Strayer Univ.*, Civ. No. PWG-16-159, 2017 WL 11475276, at *1 (D. Md. July 7, 2017). In fact, a search on

counts: (i) employment discrimination under Title VII; (ii) retaliation under Title VII; (iii) discrimination under 42 U.S.C. § 1981; (iv) retaliation under 42 U.S.C. § 1981; (v) breach of contract; (vi) a violation of her First Amendment rights pursuant to *Bivens v. Six Unknown Named Agents*; (vii) a violation of her Fourteenth Amendment rights; (viii) a violation of her Fifth Amendment rights; and (ix) a violation of her Eighth Amendment rights.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's]

---

Westlaw reveals over fifty written decisions in cases involving Plaintiff. Regardless, the Court will treat Plaintiff as a pro se litigant, but Plaintiff is, as always, responsible for alleging sufficient facts to support her claims. *See Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[The Court] will not supply additional facts, nor will [the Court] construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

3

claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

When presented with a motion to dismiss or, in the alternative, a motion for summary judgement, the disposition of the motion "implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 625 (D. Md. 2020); *see also Roswell v. Mayor & City Council of Balt.*, 671 F. Supp. 3d 607 (D. Md. 2023) (explaining that when a party submits a motion to dismiss or, in the alternative, for summary judgment, the court may exercise its discretion to consider the motion solely as one to dismiss). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Defendants style their Motion as a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56, thus implicating the Court's discretion. *Pevia*, 443 F. Supp. 3d at 625. The Court exercises its discretion to consider Defendants' motion as a motion to dismiss all claims, and as one for summary judgment for the sole claim that survives the initial analysis. *See Paris v. Steinberg & Steinberg*, 828 F. Supp. 2d 1212, 1218–19 (W.D. Wash. 2011) (finding that the claim survives Defendants' motion to dismiss, but ultimately fails on Defendants' motion for summary judgment).

Because Plaintiff brings this suit pro se, the Court must liberally construe her pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for [her], nor is a district court required to recognize 'obscure or

4

extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, Civ. No. 08-0231, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

### III. ANALYSIS

#### A. Plaintiff's Failure to Obtain Leave of the Court

On March 6, 2018, the Clerk of Court filed an Order issued by then-Chief Judge James K. Bredar enjoining Plaintiff "from filing any further pleadings in this Court without first obtaining leave of Court to do so." *See In re: Starsha Sewell*, Misc. No. 18-114 (D. Md. 2018), ECF No. 3. That 2018 order unequivocally states that Sewell "either cannot or will not relent in her efforts to litigate claims that have repeatedly been found meritless both by this Court and the Fourth Circuit Court of Appeals." *Id.* at 3. Judge Bredar further noted Plaintiff's history of "vexatious, harassing, and duplicative" litigation and directed that the Clerk of Court refuse to accept "for filing any further complaints or other papers submitted by Starsha Sewell unless a United States District Judge certifies that the complaint or pleadings are filed in good faith and not for any improper purpose and that they have a colorable basis in law and fact." *Id.* at 4. The Fourth Circuit upheld the prefiling injunction over Plaintiff's objection. *In re Sewell*, 732 F. App'x 221, 222 (4th Cir. 2018).

The docket reflects that Plaintiff filed her complaint on November 4, 2022, without first receiving the required certification that her claims are filed in good faith and not for any improper purpose and that they have a colorable basis in law and fact. As such, the Court could dismiss the matter as non-compliant with the requirements laid out in *In re: Starsha Sewell*, Misc. No. 18-114 (D. Md. 2018). However, the matter has now been pending before two district judges since late 2022, the pending motion is fully briefed, and Defendants have not raised the issue as a basis for

5

dismissing Plaintiff's claim. As such, the Court will reach the merits of Plaintiff's claim. *See Sewell v. Westat, Inc.*, Civ. No. TJS-20-1895, 2021 WL 5233753, at *2 (D. Md. Nov. 10, 2021) (reaching the merits of a claim filed by Sewell despite Sewell's failure to follow the requirements of the prefiling injunction because a motion to dismiss was "fully briefed, and because [the defendant] does not challenge the lack of pre-filing judicial certification as a basis for dismissal"). However, Plaintiff is warned that Judge Bredar's March 6, 2018, Order remains in full force and effect and Plaintiff must adhere to its requirements before filing any future claims in the United States District Court for the District of Maryland.

**B.    Plaintiff's Employment Discrimination and Retaliation Claims**

Plaintiff brings employment discrimination claims under both Title VII and § 1981. ECF 1, at 13. Title VII of the Civil Rights Act prohibits status-based discrimination based on an employee's personal characteristics such as "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2 (a); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 346–47 (2013); *Strothers v. City of Laurel*, 895 F.3d 317, 326–27 (4th Cir. 2018). The Supreme Court has explained that § 1981 was "meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts [including employment contracts] against, or in favor of, any race." *Gratz v. Bollinger*, 539 U.S. 244, 275–76 n. 23 (2003) (quoting *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 295–96 (1976)). Though her discrimination claims are raised under both Title VII and § 1981, the Court will analyze them together. *See Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 219 (4th Cir. 2016) (noting that elements of discriminatory discharge based on race under Title VII and § 1981 "are effectively the same").

*i.    Failure to hire*

Plaintiff first asserts what amounts to a "failure to hire" claim based upon the revocation of her job offer. *See* ECF 1, at 13. "A plaintiff pursuing a claim under Title VII may either offer

6

direct evidence of discrimination or, using indirect evidence, she may rely on the burden shifting framework that was adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)." *Coleman v. Whitley*, Civ. No. 21-1181, 2022 WL 16630570, at *1 (4th Cir. Nov. 2, 2022). "Pursuant to the *McDonnell Douglas* standard, the plaintiff bears the initial burden of establishing by a preponderance of the evidence a prima facie case of discrimination." *Conway v. Kijakazi*, No. 21-cv-0502-JRR, 2023 WL 5153641, at *5 (D. Md. Aug. 10, 2023) (citing *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 252–53 (1981)). Though a plaintiff need not establish a prima facie case at the motion to dismiss stage, "reference to the elements of a claim is helpful to assess whether the plaintiff has stated a plausible claim." *Allgaier v. Microbiologics, Inc.*, No. 22-cv-1900-ELH, 2023 WL 2837336, at *8 (D. Md. Apr. 7, 2023).

Because Plaintiff has not alleged direct evidence of discrimination in her complaint, the Court will be guided by the prima facie elements. "To establish a prima facie case for discriminatory failure to hire, a plaintiff must show that: (1) [s]he belonged to a protected class; (2) [s]he applied for, and was qualified for, a job for which the employer was seeking applicants; (3) [s]he was rejected despite [her] qualifications; and (4) after [her] rejection, the position remained open and the employer continued to seek similarly-qualified applicants, or filled the position with an applicant outside the protected class." *Danial v. Morgan State Univ.*, 426 F. Supp. 3d 135, 143–44 (D. Md. 2019) (citing *McDonnell Douglas*, 411 U.S. at 802; *E.E.O.C. v. Sears Roebuck & Co.*, 243 F.3d 846, 851 (4th Cir. 2001)). The complaint alleges each of these elements. Plaintiff articulates specific facts to support that she is a member of a protected class (African American), ECF 1, at 2 ¶ 12; that she was qualified for the job for which she applied by education and experience, *id.* at 7 ¶ 24; that she was offered the role and then the offer was rescinded without

7

cause, *id.* at 3 ¶ 13; *id.* at 4 ¶ 17; and that Defendants ultimately hired a white woman instead.[5] *Id.* at 3 ¶ 13. This is sufficient to state a claim at the motion to dismiss stage. As such, Defendants' motion to dismiss is denied with respect to Plaintiff's employment discrimination claims under Title VII and § 1981. This does not, however, end the analysis as the Court next turns to whether Plaintiff's Title VII and § 1981 claims survive summary judgment.

Summary judgment is proper if there are no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Fourth Circuit has articulated two requirements for conversion of a Rule 12(b)(6) motion to a Rule 56 motion: notice and a reasonable opportunity for discovery. *See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. *See Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005). The Court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

Ordinarily, summary judgment is inappropriate when "the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637

---

[5] Plaintiff does not establish a prima facie case of discriminatory failure to hire with respect to age or gender. *See* ECF 1, at 4 ¶ 17 ("It is my good faith belief that they changed the terms of their offer [] because of my race, gender, age, and as an act of retaliation[.]" Plaintiff does not plead any facts regarding her own age or her comparator's age; therefore, on its face, the complaint does not allege facts sufficient to make a prima facie showing of age discrimination. With respect to the gender-based claim, the person ultimately hired was also a woman, thus her allegation of gender-based discrimination fails because Defendants filled the position with someone who was also part of the protected class. *See Meyer v. McDonald*, 241 F. Supp. 3d 379, 391 (E.D.N.Y. 2017) ("An inference against discrimination is appropriate when the individual hired to replace plaintiff alleging discrimination is within the same protected class as plaintiff.").

8

F.3d 435, 448 (4th Cir. 2011). Yet, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To sufficiently raise the issue that more discovery is needed, the non-movant must typically file an affidavit or declaration under Rule 56(d), explaining the "specified reasons" why "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 2003)). "The existence of a mere scintilla of evidence in support of the nonmoving party as well as conclusory allegations or denials, without more, are insufficient to withstand a summary judgment motion." *Progressive Am. Ins. Co. v. Jireh House, Inc.*, 603 F. Supp. 3d 369, 373 (E.D. Va. 2022) (citing *Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020)).

Here, the Defendants captioned their motion as one for dismissal or, in the alternative, for summary judgment, ECF 12, at 1, and attached matters beyond the Plaintiff's complaint for the Court's consideration. *See Bell v. Messina*, Civ. No. GLR-17-1354, 2018 WL 2462842, at *3 (D. Md. June 1, 2018) (holding that when the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur). In response, the Plaintiff filed an opposition, ECF 17, which also contained materials outside the pleadings and asserted that there were genuine disputes of material fact. *See* ECF 17, at 4 ("The Plaintiff Now Shows This Court That There are Material Facts in Dispute.") (capitalization in

9

original); *id.* at 1 (Plaintiff's opposition to the Motion to Dismiss was captioned, "Motion in Opposition to Defendant's Motion for Summary Judgment & Affidavit in Support As There Are Material Facts In Dispute") (capitalization in original). Thus, this Court finds that Plaintiff had actual notice that the motion could be disposed of as one for summary judgment.

The Court now turns to the discovery prong of the analysis. As an initial matter, Plaintiff did not submit an affidavit under Rule 56(d) explaining why she could not "present facts essential to justify [her] opposition," which is the proper procedural mechanism to signal that additional discovery is needed. Fed. R. Civ. P. 56(d). Aside from failing to submit a Rule 56(d) affidavit, nowhere in Plaintiff's opposition papers does she request additional discovery, let alone identify specific facts she hopes to elicit from further discovery or explain how those facts might affect the summary judgment motion. *Cf. McDonald Bros., Inc. v. Tinder Wholesale, LLC*, 395 F. Supp. 2d 255, 259 (M.D.N.C. 2005) (finding summary judgment inappropriate where Plaintiff identifies specific factual issues that may "affect the disposition of its claims and any relevant defenses"). Instead, Plaintiff merely concludes that Defendants' motion for summary judgment should be denied because a plaintiff in a factually distinct case was able to prevail on a similar cause of action. *See* ECF 17, at 1 ("The Defendant is not entitled to summary judgment because Andrew McCabe, White Male, prevailed on the said claims against Former President Donald Trump, Attorney General Bar, and the FBI. I pray that his prevailing on those claims were not due to political bias, but instead were based on the merits of the discrimination claims that are continuing by the FBI Director, who exuded like type discriminatory behavior towards the Plaintiff through his staff."). Such an assertion does not create a genuine dispute of material fact.

Additionally, Plaintiff conflates a dispute of material *fact* with a dispute over the legal conclusions asserted by each party. *See* ECF 17, at 4 ("[T]he Defendant's position is disputed as

a mere pretext to conceal unlawful discrimination."); *id.* ("The [Agency's] willingness to change the terms of the position was a mere pretext to conceal unlawful discrimination[,] which continued after the agency kept the terms to the offer that the Plaintiff accepted; hence, the agency breached their contact, which was the offer of employment. Hence, there is a genuine matter for dispute."). Plaintiff asserts that she disagrees with Defendants' position and believes the reason given for nonselection was pretextual, but in doing so, Plaintiff fails to cite factual discrepancies sufficient to survive a motion for summary judgment. As such, this Court finds that there is no genuine dispute of material fact, as both Plaintiff and Defendants agree that the agency's stated reason for rescinding the job offer was a change in qualifications for the position. ECF 1, at 4 ¶ 17; ECF 12, at 2. The only question remaining is whether that reason was pretextual.

To determine whether the Defendants are entitled to summary judgment as a matter of law, the Court returns to the burden-shifting framework laid out in *McDonnell Douglas*. For the reasons noted in the 12(b)(6) analysis above, the Court finds that Plaintiff has established a prima facie case of hiring discrimination, which allows Plaintiff's claim to survive the motion to dismiss and satisfy the first prong of the *McDonnell Douglas* test. As such, the burden shifts to Defendants to "rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Here, Defendants assert that Plaintiff was not ultimately selected for the job because "she failed to meet the anticipated job requirements." ECF 12, at 12. More specifically, Defendants submitted an affidavit from Gerald Davitch, Supervisory Information Technology Specialist at the FBI, which contained the following explanation for Plaintiff's nonselection:

> The FBI had some issues in the past with some of the proposed candidates, so we were increasing the pay to a higher labor category. With the increased labor rate,

> we were looking for someone with an advanced degree and technology background. After interviewing Ms. Sewell and reviewing her resume I did not feel that she had the experience or education in a technology nature to fit the background for the upgraded labor rate.

ECF 12-2, at 30. This Court finds that, on the facts of this case, a change in the position qualifications constitutes a legitimate, nondiscriminatory reason for Plaintiff's nonselection. While it would have been better practice for Defendants to settle on the labor rate and requisite job requirements for the position before posting the job and extending a conditional offer to Plaintiff, their failure to do so amounts to administrative inefficiency, not discriminatory failure to hire.

Accordingly, the burden then shifts back to Plaintiff to show that the employer's proffered reasons are pretexts for discrimination. *McDonnell Douglas*, 411 U.S. at 802. In the employment discrimination context, "a subjective belief of discrimination, however genuine, cannot be the basis of judicial relief." *Moore v. Reese*, 817 F. Supp. 1290, 1295 (D. Md. 1993) (citations omitted). Similarly, "a plaintiff's own assertions of discrimination in and of themselves are insufficient to counter substantial evidence of legitimate nondiscriminatory reasons for an adverse employment action." *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 456 (4th Cir. 1989). Without more, Plaintiff's conclusory statement that "[t]he [agency's] willingness to change the terms of the position was a mere pretext to conceal unlawful discrimination," does not satisfy the third prong of the *McDonnell Douglas* test. Courts have held that "mere speculation that Defendant's justification must be pretext" is insufficient to create a genuine issue of material fact. *Bearns v. Potter*, Civ. No. DKC-06-3085, 2008 WL 9370640, at *6 (D. Md. Mar. 6, 2008) ("Plaintiff's subjective and nonspecific accusations are insufficient to discredit Defendant's proffered explanation."). Plaintiff's sworn statement as part of the EEOC investigation, which she attached as an exhibit to her Response in Opposition to Defendants' motion, also merely contains "plaintiff's own assertions of discrimination," but does not provide independent factual allegations

12

to show pretext. *Williams*, 871 F.2d at 456. Plaintiff asserts that she "suspected career sabotage," that the rescinded offer was a "dirty trick played under the direction of FBI Director Christopher Wray and Wade to disrupt [her] success," and that "Wade discriminated against [Plaintiff] because of [her] race, sex, and age[.]" ECF 17-4, at 4–5. None of these conclusions establish that Defendants' proffered reason for nonselection—a change in the relevant job requirements—was a pretext for discrimination. As such, Defendants are entitled to judgment as a matter of law.

Because Plaintiff received sufficient notice that the motion to dismiss could be converted into a motion for summary judgment, Plaintiff failed to request discovery or otherwise explain why additional discovery would be critical to her claim, and there is no genuine dispute of material fact, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's claims under Title VII and § 1981 for discriminatory failure to hire.

### ii. *Retaliation*

Plaintiff also alleges retaliation under Title VII and § 1981. *See* ECF 1, at 12 ("All discriminatory acts were done . . . as an act of retaliation for engaging in protected activity with the Defendant at the EEOC Office of Federal Operations, where an order was produced ordering the FBI to determine if the Plaintiff's position was covered by the Joint Employer provision and the agenc[y's] investigation determined that it was."). "Title VII [] bars retaliation based on an employee's opposition to conduct made unlawful by Title VII, or for participation in a Title VII investigation or proceeding." *Angelini v. Balt. Police Dep't*, 464 F. Supp. 3d 756, 776 (citing 42 U.S.C. § 2000e–3). An employer retaliates against an employee in violation of Title VII when the employer takes an adverse employment action against the employee because of the employee's participation in a Title VII action. *Id.* at 776–77. A plaintiff must satisfy three elements to establish a prima facie retaliation case: "(1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal link

between the two events." *E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 405–06 (4th Cir. 2005). Participation in a Title VII process constitutes protected activity when the person allegedly facing retaliation "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing" under Title VII. 42 U.S.C. § 2000e–3(a).

Here, Plaintiff filed charges of discrimination with both the EEOC and internally with the FBI. ECF 1, at 13 ¶ 39. However, the complaint alleges that she filed these charges on January 21, 2021, after the offer of employment was allegedly revoked. *Id.* at 11. The EEOC and internal FBI complaint were based on the revocation of her employment offer. *Id.* at 13 ¶ 39. Accordingly, Plaintiff fails to plead a causal link between the protected activity (participating in a Title VII process) and the adverse employment action (revocation of the offer) because the adverse action that purportedly constitutes retaliation had already occurred by the time she engaged in the protected activity. *Id.* Thus, Plaintiff's retaliation claims under Title VII and § 1981 must be dismissed.

### C. Breach of Contract

Plaintiff also alleges a breach of contract claim. ECF 1, at 13 ("The Agency breached its own contract requirements and proposed a Salary Increase Only to Bait and Switch the Job Offer to a Less Qualified Individual.") (capitalization in original). Under Maryland law,[6] "in order to state a claim for breach of contract, a plaintiff need only allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the

---

[6] "A federal court sitting in diversity must apply the choice-of-law rules from the forum state." *Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). "In contract actions, Maryland courts generally apply the law of the jurisdiction where the contract was made, pursuant to the principle of *lex loci contractus*," unless the parties include a choice of law provision in the contract. *Key Gov't Fin., Inc. v. E3 Enterprises Inc.*, 2 F. Supp. 3d 741, 745 (D. Md. 2014) (citations omitted). Here, as there is no allegation that the parties entered into a contract, let alone included a choice of law clause in a contract, the Court applies Maryland law.

defendant." *RRC Ne., LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 442 (Md. 2010) (citing *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001)). The complaint alleges that Defendants "extended an offer of employment" to Plaintiff, but after Plaintiff "passed the background check, her security clearance was reinstated, and the position had been accepted," the agency "changed the terms of their offer." ECF 1, at 2 ¶ 12; *id.* at 4 ¶ 17. Although Count Two states in a conclusory fashion that "[t]he Agency breached its own contract requirements," ECF 1, at 13, Plaintiff fails to allege specific facts to plead the existence of a valid contract. There is no information about the terms of the offer, whether the offer was contingent, when, or how, Plaintiff purportedly accepted the offer, or how the offer terms changed and why. As such, Plaintiff fails to plead the existence or breach of a contract. This count must be dismissed.

### D. Constitutional Claims

Plaintiff next alleges several violations of her constitutional rights. ECF 1, at 13. Plaintiff bases her constitutional discrimination claims solely upon discrimination based on her perceived political affiliation. *See* ECF 1, at 13 ("Plaintiff's Demotion and Termination Were Based on [Her] Perceived Partisan Affiliation, As the Plaintiff was Cleared Under the Trump Administration . . . The FBI Violated My First, Eighth, Fifth, and 14th Amendment Rights . . . ").[7] In the spirit of the liberal interpretation owed to complaints filed by pro se plaintiffs, the Court construes Plaintiff's constitutional claims against the individual defendants as being brought

---

[7] Plaintiff also asserts that "The FBI Violated My First, Eighth, Fifth, and 14th Amendment Rights When They Used An Employment Opportunity to Conduct a Covert Criminal Investigation." ECF 1, at 13 (capitalization in original). But the rest of the complaint makes no mention of a "covert criminal investigation" aside from stating that "Defendant terminated Plaintiff from the role of Senior Technical Writer for the Cyber Security Division of the FBI without meaningful explanation, which led [Plaintiff] to believe that he was unconstitutionally conducting a criminal investigation." *Id.* at 6 ¶ 20. In the absence of any facts alleging a criminal investigation into Plaintiff, the Court construes the constitutional claims as solely based on employment discrimination and due process violations.

pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See, e.g., Chukwurah v. Cir. Ct. for Prince George's Cnty.*, Civ. No. PX-19-1910, 2019 WL 3067496, at *2 (D. Md. July 12, 2019) (construing pro se plaintiff's constitutional claims as being brought under § 1983 when no federal cause of action was identified in complaint). *Bivens* claims cannot be brought against federal agencies, however, so the claims against the DOJ and FBI must be dismissed. *F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86 (1994) (holding that *Bivens* does not provide a cause of action against federal agencies).

1. First Amendment

Plaintiff asserts that the revocation of her employment offer was "based on Plaintiff's perceived partisan affiliation." ECF 1, at 9 ¶ 27. Under the First Amendment, government officials are forbidden from taking adverse action against public employees on the basis of political affiliation, unless political loyalty is an appropriate requirement of the employment. *See Rutan v. Republican Party of Ill.*, 497 U.S. 62, 75–76 (1990); *Welch v. Ciampa*, 542 F.3d 927, 938–39 (1st Cir. 2008). An actionable claim of political discrimination consists of four elements: "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action." *Lamboy-Ortiz v. Ortiz-Vélez*, 630 F.3d 228, 239 (1st Cir. 2010). Plaintiff asserts that, "[i]t was Wray's unconstitutional plan and scheme to discredit and remove DOJ and FBI employees who were deemed to be his partisan opponents because they were not politically loyal to him" and that Plaintiff was not ultimately given the job as a result of Plaintiff's "refusal to pledge partisan allegiance to Wray." ECF 1, at 3 ¶¶ 14, 19. But these are merely conclusory statements. *See Brown v. Haines*, No. 23-cv-0221, 2024 WL 1312481, at *5 (E.D. Va. March 27, 2024) ("[Plaintiff's] complaint lacks any non-conclusory allegations that push his claim 'across the line

from conceivable to plausible,' which is required for his claim to survive dismissal.") (internal citations omitted). Plaintiff fails to allege facts sufficient to establish her own political affiliation or the political affiliation of the Defendants, let alone allege that Defendants were aware of Plaintiff's political affiliation and took actions based on her political affiliation. Without specific facts establishing the parties' respective political affiliations and the specific comments or behaviors, if any, that led Plaintiff to believe the offer was revoked based on her political affiliation, the First Amendment claim must be dismissed.

### 2. Fourteenth Amendment

Plaintiff asserts that the FBI also violated her Fourteenth Amendment rights. *See* ECF 1, at 13 ("The FBI Violated My First, Eighth, Fifth, and 14th Amendment Rights When The[y] Used An Employment Opportunity to Conduct a Covert Criminal Investigation."). "The Fourteenth Amendment is [] inapplicable to the federal government." *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 588 (D. Md. 2016) (citation omitted). The defendants named in this case are all federal agencies or federal actors—the DOJ, the FBI, Attorney General Merrick Garland, and Director of the FBI Christopher Wray. As such, Plaintiff has failed to state a claim for a violation of her Fourteenth Amendment rights.

### 3. Fifth Amendment

Plaintiff alleges that the revocation of her employment offer "violated the Fifth Amendment's Due Process Clause [] because it was undertaken without lawful authority and in violation of explicit procedural protections." ECF 1, at 9 ¶ 27. As a threshold matter, "in order to state a claim for the denial of due process, plaintiff must allege that she was deprived of some liberty or property interest that is protected by the Fifth Amendment." *Rodriguez v. D.C.*, 118 F. Supp. 3d 132, 140 (D.D.C. 2015). "An 'expectancy' in a job position is not the same as 'a protected property interest' sufficient to state a Fifth Amendment due process claim." *Id.* at 141 (finding

that offers of federal employment did not give rise to protected property interest for due process purposes where the plaintiffs had received "mere offers of jobs which do not rise to the level of 'appointments' to the federal civil service") (citations omitted).  A plaintiff must show "'a legitimate expectation, based on rules (statutes or regulations) or understandings (contracts, express or implied), that [s]he would continue in [her] job.'" *Piroglu v. Coleman*, 25 F.3d 1098, 1104 (D.C. Cir. 1994), quoting *Hall v. Ford*, 856 F.2d 255, 265 (D.C. Cir. 1988).

The facts in the complaint do not give rise to a plausible inference that Plaintiff was legitimately entitled to the Senior Technical Writer position.  The complaint does not establish that Plaintiff had a statutory or regulatory right to the position and Plaintiff fails to plead the existence of a valid contract.  While Plaintiff points to the employment offer as the source of her property interest, ECF 1, at 4 ¶ 17, a mere offer does not bind Defendants such that Plaintiff had a "legitimate claim of entitlement" to the position. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (citation omitted); *see also Roberts v. United States*, 741 F.3d 152, 162 (D.C. Cir. 2014) (rejecting plaintiff's argument that she had a "property interest in a fair evaluation process," because a "'fair evaluation process' is still a process, not a substantive interest in liberty or property").  Because Plaintiff has failed to allege a cognizable property interest, her procedural due process claim must be dismissed.

The Court also construes Plaintiff's complaint as alleging an equal protection violation under the Fifth Amendment. ECF 1, at 13–14 ¶ 29. Plaintiff claims that the revocation of the offer was "unlawfully based on Plaintiff's perceived partisan affiliation." ECF 1, at 9 ¶ 27. But Plaintiff fails to allege facts to show that she was treated differently based on her political affiliation than other similarly situated persons.  Instead, she merely concludes that the actions were "politically

motivated" and had "no legal basis," *id.* at 6 ¶ 20, which is insufficient to survive a motion to dismiss. Therefore, the Fifth Amendment claims must be dismissed.

### 4. Eighth Amendment

Plaintiff also claims a violation of her Eighth Amendment rights. *See* ECF 1, at 13 ("The FBI Violated My First, Eighth, Fifth, and 14th Amendment Rights When The[y] Used An Employment Opportunity to Conduct a Covert Criminal Investigation."). However, employment discrimination is not cognizable as an Eighth Amendment claim. *See Mackay v. U.S. Postal Serv.*, 607 F. Supp. 271, 280 (E.D. Pa. 1985) ("The [Eighth] Amendment does not provide a remedy for deprivation of rights arising out of civil employment by the federal government."). As such, Plaintiff has failed to plead a violation of her Eighth Amendment rights and the claim must be dismissed.

Because Plaintiff has failed to state a claim for a violation of her constitutional rights, the *Bivens* claims must be dismissed.

## IV. **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss, ECF 12, is GRANTED in part and DENIED in part. The Court dismisses all of Plaintiff's claims except the discrimination claims brought under Title VII and § 1981. However, because there is no genuine fact dispute and Defendants are entitled to judgment as a matter of law, Defendants' motion for summary judgment is GRANTED as to the surviving Title VII and § 1981 claims.

A separate implementing Order will issue.

Dated: September 18, 2024

/s/
Brendan A. Hurson
United States District Judge