IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STARSHA SEWELL, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 22-2864-BAH |
| MERRICK GARLAND, ET AL., | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM & ORDER**

Pending before the Court is pro se Plaintiff Starsha Sewell's ("Plaintiff's") motion for relief of the judgment entered September 18, 2024 on the grounds that it is "void" under Rule 60(b)(4). ECF 23, at 1 (citing Fed. R. Civ. P. 60(b)(4)). Plaintiff supplements the motion with a filing alleging that the Court "relied on a fraudulent affidavit" in granting summary judgment for Defendants. ECF 24, at 2.

Rule 60(b)(4) allows "relief from a judgment that is void" and "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018) (quoting *U.S. Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)). "Federal courts reserve relief under Rule 60(b)(4) 'for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction.'" *Id.* (citing *Espinosa*, 559 U.S. at 271). "When deciding whether an order is 'void' under Rule 60(b)(4), 'courts must look for the rare instance of a clear usurpation of power,' which is 'only when there is a total want of jurisdiction and no arguable basis on which it could have

rested a finding that it had jurisdiction.'" *Id.* (citing *Wendt v. Leonard*, 431 F.3d 410, 413 (4th Cir. 2005) (internal quotation marks omitted)). Plaintiff makes no showing that the Court engaged in the requisite "clear usurpation of power," *id.*, thus "the Court's judgment was certainly not void," *Burnett v. BJ's Wholesale Club, Inc.*, Civ. No. CV JKB-22-02840, 2024 WL 3890781, at *2 (D. Md. Aug. 21, 2024).

Though Plaintiff's motion did not request relief on any other grounds besides Rule 60(b)(4), the motion can be properly considered pursuant to Rule 59(e), as it was filed within twenty-eight days of the Court's order. *Thomas v. S.C. Dep't of Mental Health*, No. 23-2190, 2024 WL 4298146, at *1 (4th Cir. Sept. 26, 2024) ("A post-judgment motion challenging the correctness of a district court's judgment is construed based on when the motion was filed. If the motion is filed within the timeline in Rule 59(e), then the motion is construed as a Rule 59(e) motion, regardless of label." (citing *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010)); *see also MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)). Accordingly, the Court also construes Plaintiff's Rule 60(b)(4) motion as one also sounding in Rule 59(e). *See Knott v. Wedgwood*, Civ. No. DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) (construing the substance of a purported Rule 60(b) motion according to the Rule 59(e) standard).

Under Rule 59(e), the Court may alter or amend its prior ruling in three situations: (1) where "there has been an intervening change of controlling law," (2) where "new evidence has become available," or (3) where "there is a need to correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411. "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Crocetti v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-17-

2

1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (internal quotation marks omitted) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001)).

Plaintiff fails to identify that a change in the intervening law has occurred. Further, despite Plaintiff's suggestion to the contrary in her supplemental filing, *see* ECF 24, no new evidence has become available, either. Plaintiff provides an affidavit from Gerald Davitch, Supervisory Information Technology Specialist at the Federal Bureau of Investigation ("FBI") which she characterizes, without supporting evidence, as "fraudulent." ECF 24, at 2. However, this same affidavit was already available to and considered by the Court prior to the entry of summary judgment. *See* ECF 12-2, at 30. Because Plaintiff's supplement only recycles evidence that was available at the time the Court issued its ruling, Plaintiff does not show sufficient grounds to alter or amend the judgment under the second prong of a Rule 59(e) analysis. *See Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 198 (4th Cir. 2006); *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997). Moreover, Plaintiff's bare assertion that the affidavit is pretextual and "fraudulent" merely reiterates the conclusory statements Plaintiff offered in the pre-judgment filings. *See, e.g.,* ECF 17-4, at 4–5. Plaintiff cannot use Rule 59(e) to repeat the same arguments already made in an effort to encourage the Court to reach a different conclusion. *See Reeves v. Cir. Ct. for Prince George's Cnty.*, Civ. No. BAH-23-2678, 2023 WL 9473974, at *2 (D. Md. Dec. 5, 2023) (denying a party's Rule 59(e) motion which largely repeated the arguments made in the original complaint).

The only remaining basis on which Plaintiff could seek alteration of the judgment would be the need to "prevent manifest injustice." *Robinson*, 599 F.3d at 411. To that end, it appears that Plaintiff's primary contention is that the FBI was never properly served, and thus the Court did not "have jurisdiction to enter the judgment." ECF 23, at 1–2. Plaintiff contends that this

constitutes a "deprivation of due process." *Id.* at 1. This argument is unavailing. Though the docket reflects that the summons for the FBI and its director, Christopher A. Wray, were returned unexecuted, *see* ECF 18, both parties entered an appearance on January 24, 2024 when they, along with the other defendants in the case, filed a motion to dismiss, *see* ECF 12. Even if service is defective, voluntary appearance (or a filing) by the defendant constitutes consent to the Court's jurisdiction. *Trademark Remodeling, Inc. v. Rhines*, 853 F.Supp.2d 532, 538 (D. Md. 2012); *see also Flanagan v. Dep't of Hum. Res.*, 989 A.2d 1139, 1143 (Md. 2010) (citing *Lohman v. Lohman*, 626 A.2d 384, 390 (Md. 1993)). As the failure of proper service was cured by the defendants' appearance, there can be no question as to the propriety of the Court's jurisdiction in this case and thus no basis for Plaintiff to claim that an alteration in the judgment is necessary to prevent manifest injustice.[1] Plaintiff advances no other arguments that meet any of the criteria for altering or amending a judgment under Rule 59(e) and, as such, the motion will be denied.

Finally, though not styled as a motion to reassign the case or a motion for recusal, Plaintiff contends that this issue is "not before" this Court (that is, before me) and should instead be considered by Judge Chuang, to whom the case was originally assigned. ECF 23, at 1. This assertion is mistaken. While this case was initially assigned to Judge Chuang, it was validly transferred to me in accordance with the relevant local rule. *See* L.R. 501.1 ("Notwithstanding the provisions of this Rule, the Court may assign a case to a judge in a division other than the one specified in this Rule."). Plaintiff appears to believe that, despite the routine nature of the case transfer, I am biased against her, as she notes in her complaint that she will not tolerate my "smok[e

---

[1] Even if the Court were to consider Plaintiff's motion as one pursuant to Rule 60(b)(4), this argument would still fail. For the purposes of a Rule 60(b)(4) motion, if a defendant consents, whether through voluntary appearance or some other means, despite a failure of proper service, the court retains personal jurisdiction over the defendant, and a resulting judgment cannot therefore be void for lack of jurisdiction. *See Koehler v. Dodwell*, 152 F.3d 304, 306–307 (4th Cir. 1998).

and] mirrors." *Id.* If a judge's impartiality "might reasonably be questioned," recusal is warranted under 28 U.S.C. § 455(a), but this inquiry is objective, asking "whether a reasonable person would have a reasonable basis for questioning the judge's impartiality." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). Judges are not required to recuse themselves in the face of "unsupported, irrational, or highly tenuous speculation." *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998) (internal quotation marks omitted). Plaintiff's assertion that a valid, routine administrative transfer constitutes a trick of some sort or establishes bias is plainly tenuous speculation and cannot be grounds for further reassignment of the case. *See also Johnson v. Warden*, No. 1:19-cv-00300, 2019 WL 8301640, at *8 (S.D. W. Va. Nov. 26, 2019) (holding that "no reasonable person would have a basis for suspicion regarding a judge's impartiality based on the reassignment of a case due to a clerical error").

Accordingly, it is this 3rd day of October 2024, ORDERED that:

(1) Plaintiff's Rule 60(b) motion for relief from judgment, construed as a motion to alter or amend the judgment under Rule 59(e), ECF 23, is DENIED;

(2) The Clerk is directed to CLOSE this case and MAIL a copy of this memorandum and order to Plaintiff.

/s/
Brendan A. Hurson
United States District Judge